**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10271 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01724-CKJ |
| v. | |
| ANA MARTHA ARMENTA-PENUELAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Ana Martha Armenta-Penuelas appeals from the 48-month sentence imposed

following her guilty-plea conviction for possession with intent to distribute

methamphetamine, in violation of  21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(H). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Armenta-Penuelas contends that the district court erred by giving her a minor role reduction rather than a minimal role reduction under U.S.S.G. § 3B1.2. In light of the district court's finding that Armenta-Penuelas knew she was carrying drugs and was prepared to accept money in return, the district court did not clearly err. *See United States v. Davis*, 36 F.3d 1424, 1436-37 (9th Cir. 1994).

Armenta-Penuelas also contends that, despite granting a downward variance, the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, and by failing specifically to address her arguments for a variance. The district court "need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record reflects that the court considered the § 3553(a) sentencing factors, and Armenta-Penuelas's arguments.

Armenta-Penuelas lastly contends that her sentence is substantively unreasonable. In light of the totality of the circumstances and the § 3553(a) sentencing factors, the below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**